IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. ___ : _____-CV_____-_____

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KYLE PRESCOTT LITTLETON and KENT DEAN BORDEAUX,<br><br>Defendants. | **INTERPLEADER COMPLAINT** |

NOW COMES, the Plaintiff State Farm State Farm Life Insurance Company ("State Farm"), by counsel, pursuant to 28 U.S.C. §§ 1335, 1397, 2361, states as follows for its Interpleading Complaint against Defendants Kyle Prescott Littleton and Kent Dean Bordeaux:

**THE PARTIES**

1. State Farm is a national insurance company with its principal office in Bloomington, Illinois.

2. On information and belief, Kyle Prescott Littleton ("Claimant Littleton") is a citizen and resident of Collier County, Florida.

3. On information and belief, Kent Dean Bordeaux ("Claimant Bordeaux") is a citizen and resident of Columbus County, North Carolina.

**JURISDICTION AND VENUE**

1

4. This Court has original jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335.

5. Claimant Littleton and Claimant Bordeaux are adverse claimants and are of diverse citizenship as defined in 28 U.S.C. § 1332.

6. The adverse claimants are each claiming to be entitled to the benefits of the life insurance policy at issue in this case.

7. State Farm has in its possession and is under an obligation to pay an amount exceeding $500 pursuant to the policy of life insurance issued by State Farm and which is at issue in this case.

8. State Farm is ready and willing to deposit the amount at issue under the life insurance policy with the registry of the Court in compliance with 28 U.S.C. 1335(a)(2).

9. Venue is proper under 28 U.S. C. § 1397 because of diverse Claimant Bordeaux resides in Columbus County, North Carolina.

## FACTS

10. State Farm issued a life insurance policy number LF-2381-5937 on February 20, 2007 and effective January 19, 2007 (the "Policy"), which insured the life of Cheryl L. Littleton (the "Insured"). A true and accurate copy of the Policy is attached as **Exhibit A**.

11. The Insured passed away on November 29, 2019. A true and accurate copy of the Insured's death certificate is attached as **Exhibit B**.

12. At the time of the Insured's death, the beneficiary or beneficiaries of the Policy became entitled to payment from State Farm.

13. The Policy was initially issued for a $150,000.00 term age 95-20 life insurance policy with the Trustee of Cheryl L. Littleton Revocable Trust DTD June 23, 2003 as the beneficiary.

14. The Policy provided that, "When the Insured dies, [State Farm] will make payment in equal shares to the primary beneficiaries living when payment is made."

15. The Policy also allowed for assignment of the Policy and changes in beneficiary designation upon request by the Insured.

16. On April 11, 2017, the Insured amended her application to issue the Policy as a $250,000.00 term to age 95-20 policy. A true and accurate copy of the Amendment of Application is attached as **Exhibit C**.

17. On June 24, 2010, the Insured changed the primary beneficiary of the Policy to Claimant Littleton and the successor beneficiary to Robert Koop Johnson. Upon information and belief, Claimant Littleton is the Insured's son and Robert Koop Johnson was the Insured's spouse at the time. True and accurate copies of the Change of Beneficiary and Notice of Beneficiary Change are attached as **Exhibit D**.

18. On August 11, 2011, the Insured appointed Claimant Littleton as her agent in a Durable Power of Attorney. A true and accurate copy of the Durable Power of Attorney is attached as **Exhibit E**.

19. In the Durable Power of Attorney, under section 2.8(13), it states that the Insured's agent may, "[C]hange the beneficiary of a contract of insurance or annuity, except that my agent may be designated a beneficiary only to the extent my agent was named as a beneficiary under a contract procured by me before executing this durable power of attorney."

20. On September 25, 2015, the Insured changed the primary beneficiary on the Policy to Claimant Littleton and the successor beneficiaries to David Prescott Frizzell II and Cynthia J. Sullivan. A true and accurate copy of the Change of Beneficiary is attached as **Exhibit F**.

21. On April 6, 2016, the Insured changed the primary beneficiary on the Policy to include Claimant Littleton for the amount of $200,000.00 and Claimant Bordeaux for the amount of $50,000.00 and removed any successor beneficiaries. Upon information and belief, Claimant Bordeaux was the Insured's fiancé. True and accurate copies of the Change of Beneficiary and Notice of Beneficiary Change are attached as **Exhibit G**.

22. On November 27, 2019, Claimant Littleton, as the Insured's attorney in fact, changed the ownership of the Policy to himself and named himself as the sole primary beneficiary under the Policy. True and accurate copies of the Policy Change assigning ownership of the Policy to Claimant Littleton and the Change of Beneficiary are attached as **Exhibit H**.

23. The Insured died two days later and before State Farm was able to process the November 27, 2019 Change of Beneficiary.

24. State Farm received Claimant Littleton's life insurance claim on December 10, 2019 for the full amount of benefits under the Policy. A true and accurate copy of the Life Insurance Claim is attached as **Exhibit I**.

25. State Farm received Claimant Bordeaux's life insurance claim on December 30, 2019 stating his claim for $50,000.00 under the Policy. A true and accurate copy of the Life Insurance Claim is attached as **Exhibit J**.

26. Upon information and belief, Claimant Littleton claims that Claimant Bordeaux unduly influenced the Insured to add him as a primary beneficiary on the Policy.

27. Upon information and belief, Claimant Littleton claims that he had the authority under the Power of Attorney to change the beneficiaries on the Policy, therefore excluding Claimant Bordeaux from receiving any of the proceeds.

28. State Farm has issued payment of the uncontested amount of $200,486.65 under the Policy to Claimant Littleton.

## INTERPLEADER

29. Each of the preceding allegations is incorporated herein by reference as if fully set forth in their entirety.

30. Claimant Littleton and Claimant Bordeaux each claim that they are entitled to the remaining benefits under the Policy in the amount of $50,015.48 plus interest accruing at an annual rate of 2.00%.

31. In view of the Defendants' adverse and conflicting interests, State Farm has been unable to pay the contested and remaining amount due under the Policy and cannot determine who is entitled to the proceeds.

32. State Farm is now, and at all times, has been ready and willing to pay the Policy proceeds to the party determined to be legally entitled to them.

33. State Farm is an innocent stakeholder and is faced with determining the validity of conflicting claims.

34. State Farm disclaims any interest in or claim to the proceeds and asserts that because of the conflicting claims, it runs the risk of multiple liability.

35. State Farm seeks to pay into the registry of this Court, the sum of $50,015.48, the amount owing under the Policy, plus applicable interest, to abide the orders and judgments of this Court, unless the Court directs otherwise.

36. State Farm brings these interpleader claims in good faith and with diligence. Therefore, as a disinterested stakeholder, it is entitled to its reasonable costs and attorneys' fees in connection with this action, to the extent allowed by law.

WHEREFORE, State Farm respectfully prays that the Court enter an Order:

1. Requiring Claimant Littleton and Claimant Bordeaux to interplead and settle between themselves their rights, if any, to the Policy proceeds tendered to the Court;

2. Permanently restraining each Claimant from commencing any action against State Farm on the life insurance policy at issue in this case and that said injunction issue without bond or security;

3. Allowing State Farm to deposit the Policy proceeds, plus applicable interest, with the registry of the Court;

4. Discharging State Farm from any and all liability to the Defendants on all matters relating to the Policy by reason of payment of the proceeds of the Policy into this Court;

5. Allowing State Farm to recover its reasonable attorneys' fees and costs of this action, to the extent allowed by the law, all sums to be paid out of the funds deposited into the registry of the Court and prior to any award to any prevailing defendant; and

6. Awarding State Farm such other and further relief as the court deems appropriate and just.

Respectfully submitted, this the 21st day of February 2020.

/s/ Elizabeth A. Martineau

Elizabeth A. Martineau
N.C. State Bar No. 26394
EMartineau@MartineauKing.com
Sharon Suh
N.C. State Bar No. 51683
Ssuh@MartineauKing.com
MARTINEAU KING, PLLC
P.O. Box 241268
Charlotte, North Carolina 28224
Tele: 704-247-8520
Fax: 704-247-8582
*Attorneys for Interpleader State Farm*