IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:20-CV-36-FL

| | | |
|---|---|---|
| STATE FARM LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) | |
| KYLE PRESCOTT LITTLETON, and KENT DEAN BORDEAUX, | ) ) ) | |
| Defendants. | ) | |

This matter comes before the court on interpleader plaintiff's motion for discharge, permanent injunction, and attorneys' fees and costs, pursuant to 28 U.S.C. § 2361 and E.D.N.C. Local Civil Rule 7.1. (DE 21). Interpleader defendants responded, opposing only that part of interpleader plaintiff's motion seeking attorneys' fees and costs. This matter also comes before the court on interpleader defendants' joint motion to stay the case pending the resolution of the related North Carolina state-court action entitled Kent Dean Bordeaux v. Kyle Littleton, Case No. 20-CVS-461, Superior Court Division, Columbus County, North Carolina. (DE 24). Interpleader plaintiff responded in opposition to the motion. The issues raised are ripe for ruling. For the reasons that follow, interpleader plaintiff's motion is granted in part and denied in part, and interpleader defendants' motion is granted.

## BACKGROUND

Interpleader plaintiff commenced this action against interpleader defendants on February 21, 2020, pursuant to 28 U.S.C. §§ 1335, 1397, 2361. The facts alleged are as follows. On

February 20, 2007, interpleader plaintiff issued term life insurance policy number LF-2381-5937 (the "Policy"), which insured the life of Cheryl L. Littleton (the "Insured"). The Insured passed away on November 29, 2019, at which time the beneficiary or beneficiaries of the Policy became entitled to payment from interpleader plaintiff in the amount of $250,000.00. At times relevant to this litigation, interpleader defendant Kyle Prescott Littleton ("Littleton") was the Insured's son and attorney in fact, while interpleader defendant Kyle Dean Bordeaux ("Bordeaux") was the Insured's fiancé. Under interpleader defendant Littleton's power of attorney, executed by the Insured August 11, 2011, he was authorized to "change the beneficiary of a contract of insurance or annuity, except that my agent may be designated a beneficiary only to the extent my agent was named as a beneficiary under a contract procured by me before executing this durable power of attorney." On April 6, 2016, the Insured changed the primary beneficiary on the Policy to include interpleader defendant Littleton for the amount of $200,000.00 and interpleader defendant Bordeaux for the amount of $50,000.00. On November 27, 2019, interpleader defendant Littleton changed ownership of the Policy to himself and named himself sole primary beneficiary under the Policy. Interpleader plaintiff was not able to process the November 27, 2019, change of beneficiary prior to the Insured's passing two days later. Interpleader plaintiff received claims from interpleader defendant Littleton for the full policy amount and interpleader defendant Bordeaux for $50,000.00. Interpleader plaintiff issued payment to interpleader defendant Littleton of the uncontested amount of $200,486.65. Interpleader defendants each claim they are entitled to the remaining benefits under the policy in the amount of $50,015.48 plus interest accruing at an annual rate of 2.00%.

On April 30, 2020, the court ordered that interpleader plaintiff deposit the proceeds of the disputed life insurance policy in the registry of the court, pursuant to 28 U.S.C. § 1335 and Rule

67 of the Federal Rules of Civil Procedure. Interpleader plaintiff deposited the funds on May 11, 2020. On June 19, 2020, interpleader plaintiff filed the instant motion for discharge, permanent injunction, and attorney's fees and costs. On July 10, interpleader defendants filed joint motion to stay the instant action.

**COURT'S DISCUSSION**

A.  Motion for Discharge, Permanent Injunction, and Attorney's Fees and Costs

Under certain conditions, federal law confers jurisdiction on this court to hear "any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society . . . having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more." 28 U.S.C. § 1335(a). Those conditions are:

> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court . . . .

Id.; see id. § 1332. Statutory interpleader affords "broad equitable relief, first to relieve a stakeholder without interest from present litigation, and secondly, to relieve such a one from future litigation by adjudicating the claims of all parties in one suit." Metro. Life Ins. Co. v. Mason, 98 F.2d 668, 669 (3d Cir. 1938). Thus, "[i]nterpleader under Sec. 1335 should be permitted liberally to relieve parties of the hazards and vexations of conflicting claims, and the act should be construed and applied liberally." Douglas-Guardian Warehouse Corp. v. Ramy Seed Co., 271 F.2d 24, 28 (8th Cir. 1959) (citing B. J. Van Ingen & Co. v. Connolly, 225 F.2d 740 (3d Cir. 1955)).

Here, the jurisdictional requirements for statutory interpleader are met. Interpleader defendants are of diverse citizenship and have submitted adverse claims to a portion of the

3

proceeds of term life insurance policy number LF-2381-5937.  Interpleader plaintiff has deposited those proceeds in the registry of this court.

In any action brought under § 1335, the court "shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment."  Id. § 2361.  "[A]t this stage of the litigation the court often enters an order finally relieving the plaintiff of further responsibility and permanently enjoining the claimants from harassing him." Francis I. du Pont & Co. v. Sheen, 324 F.2d 3, 5 (3d Cir. 1963).  A permanent injunction furthers the purposes of interpleader by relieving plaintiff of "fear of vexatious conflicting claims."  See Kelly v. Raese, 377 F.2d 263, 266 (4th Cir. 1967).

Interpleader plaintiff has fulfilled its obligations under the disputed life insurance policy. Interpleader defendants do not oppose that part of interpleader plaintiff's motion for discharge and for permanent injunction.  Accordingly, interpleader plaintiff is discharged from any liability in this action and dismissed with prejudice.  Furthermore, except as expressly allowed in address of interpleader defendants' joint motion to stay, the court enjoins interpleader defendants and any future parties that may be added to this action from initiating or prosecuting any claim or action against interpleader plaintiff on account of or pertaining to term life insurance policy number LF-2381-5937 or its proceeds.

Turning to the issue of attorneys' fees and costs, "[i]t is settled that a federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action whenever it is fair and equitable to do so." Sun Life Assurance Co. of Canada v. Sampson, 556 F.3d 6, 8 (1st Cir. 2009).  Relevant considerations guiding the court's exercise of discretion include whether the opposing party has acted in bad faith, whether the interpleader is disinterested in the litigation, whether interpleader plaintiff seeks to improperly transfer an ordinary cost of doing business to

4

the claimants, and whether attorney's fees and costs would seriously deplete the fund deposited in court through the allowance of large fees to interpleader plaintiff's counsel. See, e.g., id.; Travelers Indemn. Co. v. Israel, 354 F. 2d 488, 490 (2d Cir. 1965); Travelers Indemn. Co. v. Israel, 354 F. 2d 488, 490 (2d Cir. 1965); Hunter v. Fed. Life Ins. Co., 111 F.2d 551, 557 (8th Cir. 1940).

In Sun Life Assur. Co. of Canada v. Grose, the district court considered the whether to award attorney's fees in an interpleader action similar in nature to the instant dispute. 466 F. Supp. 2d 714, 716 (W.D. Va. 2006). There, interpleader plaintiff paid into court the amount of $41,175.46, representing the face amount of the policy plus interest, and requested payment from the fund of its attorneys' fees of $4,814 and costs of $800, totaling $5,614. Id. Finding it inequitable to award the full amount of interpleader plaintiff's attorney's fees "in light of the small amount of the insurance proceeds and the uncomplicated nature of the dispute," the court allowed interpleader plaintiff a fee of $2,400.00, together with costs of $800. Id. at 717.

In the instant case, interpleader plaintiff incurred $514.95 in costs and $7,384.00 in attorneys' fees. The attorneys' fees consist of $1,083.00 for 5.7 hours of work by Elizabeth Martineau, $5,168.00 for 30.4 hours of work by Sharon Suh, and $1,133.00 for 10.3 hours of work by Tonya Deisn-Smith. Interpleader plaintiff has presented competent evidence that the fees incurred by interpleader plaintiff are reasonable. There is no credible assertion of bad faith and interpleader plaintiff is disinterested in the outcome of the instant action. However, the disputed funds in the instant case amount to just over $50,000.00 and awarding the full amount of interpleader plaintiff's attorneys' fees and costs in the instant action would seriously deplete the fund to which one of the interpleader defendants is entitled.

Balancing all competing equitable interests at play in the instant case, the court is persuaded by the reasoning of the district court in Sun Life and will follow a similar approach. Interpleader

plaintiff is entitled to $514.95 in costs and $2,985.05 in attorneys' fees, to be paid out of the fund in the instant action.

B.  Motion to Stay the Case

Interpleader defendants jointly seek a stay of the instant case pending resolution of the related North Carolina state-court action entitled Kent Dean Bordeaux v. Kyle Littleton, Case No. 20-CVS-461, Superior Court Division, Columbus County, North Carolina.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936). "The grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'" Maryland v. Universal Elections, Inc., 729 F.3d 370, 375 (4th Cir. 2013) (quoting United States v. Ga. Pac. Corp., 562 F.2d 294, 296 (4th Cir.1977)). "The genesis of interpleader is equity, and we perceive no reason why it should be denied the remedial flexibility that is characteristic of a chancellor's decree." Humble Oil & Ref. Co. v. Copeland, 398 F.2d 364, 368 (4th Cir. 1968). "Thus, the district court can stay its proceedings, permit the parties to litigate ownership of the [proceeds in North Carolina state court], and not elsewhere, and finally, after this issue has been determined, distribute the funds in its registry." Id.

Interpleader defendants represent that resolution of the state court action will be the most expeditious route to resolution of the core issue in this interpleader action, remove most of the outstanding issues in this action, and allow for prompt resolution of this case. Interpleader plaintiff's opposition is unpersuasive, where it has been discharged of liability and the court's permanent injunction limits resolution of all issues to one proceeding: the state court proceeding

6

and then, if any other issues remain, the instant proceeding. Accordingly, interpleader defendants' joint motion to stay is granted.

## CONCLUSION

Based on the foregoing, it is ORDERED that interpleader plaintiff's motion for discharge, permanent injunction, and attorneys' fees and costs (DE 21) is GRANTED IN PART and DENIED IN PART. Interpleader plaintiff is DISCHARGED from any liability in this action and DISMISSED WITH PREJUDICE. Except as expressly provided herein, the court ENJOINS interpleader defendants and any future parties that may be added to this action from initiating or prosecuting any claim or action against interpleader plaintiff on account of or pertaining to term life insurance policy number LF-2381-5937 or its proceeds. Finally, interpleader plaintiff is awarded $514.95 in costs and $2,985.05 in attorney's fees. The clerk is DIRECTED to pay from the amount previously deposited in the court's registry in this case the sum of $3,500.00 to the order of Martineau King PLLC for the benefit of State Farm Life Insurance Company.

It is FURTHER ORDERED that interpleader defendants' joint motion to stay the case (DE 24) is GRANTED. The instant case is STAYED pending resolution of <u>Kent Dean Bordeaux v. Kyle Littleton</u>, Case No. 20-CVS-461, Superior Court Division, Columbus County, North Carolina. Within 14 days of judgment in or alternative disposition of the aforementioned state proceeding, interpleader defendants are DIRECTED to file joint status report identifying the remaining claims in the instant action and proposing amendments to the court's case management order as needed.

SO ORDERED, this the 31st day of July, 2020.

                    LOUISE W. FLANAGAN
                    United States District Judge

7

Case 7:20-cv-00036-FL   Document 28   Filed 07/31/20   Page 7 of 7